597 A.2d 540

IN THE MATTER OF MILLARD A. BLAKE,
AN ATTORNEY AT LAW.

October 29, 1991.

## ORDER

The Disciplinary Review Board having reported to the Court, recommending that MILLARD A. BLAKE of ATLANTIC CITY, who was admitted to the bar of this State in 1974, be publicly reprimanded for his conduct in the handling of one matter, which violated *RPC* 1.4(a) (failure to communicate), *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (failure to act with diligence), and *RPC* 1.16 (wrongful termination of representation), and having further recommended that respondent be placed on disability inactive status because of respondent's current lack of fitness to practice, and that should respondent be restored to practice, that said practice be under the supervision of a proctor, and good cause appearing;

It is ORDERED that the report and recommendation of the Disciplinary Review Board are hereby adopted and respondent is publicly reprimanded; and it is further

ORDERED that respondent is transferred to disability inactive status, effective immediately and until the further Order of the Court; and it is further

ORDERED that any restoration of respondent to the practice of law shall be under the supervision of a proctor, or on such other conditions as may be imposed by the Court, until the further Order of the Court; and it is further

ORDERED that the Office of Attorney Ethics take such protective action, pursuant to *Rule* 1:20–11(c), as may be appropriate to gain possession and control of the legal files, records, practice and trust assets of respondent, wherever situate, pending further Order of this Court; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by respondent, pursuant to *Rule* 1:21–6, shall be restrained from disbursement except upon application to this Court, for good cause shown, pending the further Order of this Court; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his disability inactive status and that he comply with Administrative Guideline No. 23 of the Office of Attorney Ethics, and it is further

ORDERED that respondent shall reimburse the Ethics Financial Committee for appropriate administrative costs incurred in the prosecution of the matter.